# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE WRIGHT, | ) | CASE NO.:  1:04CV2308 |
| | ) | 1:03CR173-16 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On November 19, 2004, Petitioner Bruce Wright, a federal prisoner currently incarcerated at a federal correctional institution in FCI Elkton, Ohio, executed a pro se motion under 28 U.S.C. § 2255 in order to vacate, set aside, or correct his sentence. (Doc. #1)  The Respondent United States of America filed a response in opposition to the motion on February 28, 2005.  (Doc. #8)  For the following reasons, the Court finds Petitioner's § 2255 Motion not well-taken and DENIES same.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 30, 2003, Petitioner and numerous other individuals were indicted for various offenses relating to conspiracy to distribute 1,000 grams or more of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).  (Crim. Doc. #1).  On September 3, 2003, Petitioner, with counsel, entered a guilty plea before this Court. (Crim. Doc. #138)  The Plea Agreement was signed by Petitioner on August 29, 2003.[1]

---

[1] The Plea Agreement entered on the docket as #138 is dated August 29, 2003 and contains the signature of Petitioner, his counsel, the Assistant United States Attorney, and the undersigned.  It is noted, however, that the United States, in its Response to Petitioner's § 2255 Motion, attached as an exhibit a plea agreement signed only by Petitioner and his counsel on August 21, 2003.  For purposes of the pending motion, the Court is referring only to the properly signed and docketed plea agreement.

(Crim. Doc. #138, at p.16)  The plea agreement included the following section regarding appeals:

> The defendant acknowledges having been advised by counsel of his rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255.  The defendant expressly waives those rights except that the defendant reserves the right to appeal the imposition of any sentence inconsistent with the provisions of this plea agreement.  Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

(Crim. Doc. #138, at pp.9-10, para. 18)

On November 18, 2003, this Court sentenced Petitioner to 121 months imprisonment followed by five-years of supervised release and a  $100.00 special assessment.  (Crim. Doc. #222)  On August 20, 2004, Petitioner filed a Notice of Appeal. (Crim. Doc. #307)  That appeal was dismissed *sua sponte* by the Sixth Circuit for lack of jurisdiction based on timeliness.  (Crim. Doc. #320)  Petitioner then filed a timely motion under § 2255 with this Court.  (Crim. Doc. #321)

In his § 2255 motion, Petitioner raises the following grounds for relief:

A. **Ground one:**  Petitioner was deprived of effective assistance of counsel due to failure of counsel to advise the Petitioner or meet with him after the imposition of sentence particularly, in accordance with law more fully explained in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000, and other legal standards under CJA, 18 U.S.C. § 3006 (A).

**Supporting FACTS:** Applicant entered a plea upon advise [*sic*] of counsel.  After the entry of the plea Counsel failed to inform applicant of his rights to appeal particularly where at least 4 and perhaps six offense level increases where [*sic*] used in violation of *Apprendi v. New Jersey* and clarified in *Blakely v. Washington*. (2004)  Additional facts are set forth in the Notice of Motion and Motion to file the belated appeal lodged with this Court

2

incorporated as though fully set forth.  As a result of the failure by counsel to object to the inappropriate sentencing increases applicants sentence was increased by about 5 or more years to his cause and prejudice.

B.  **Ground two:** The Judgment and Commitment Sentence Order incorporates two statutory offenses on its face.

**Supporting FACTS:**  The Court filed [*sic*] to assess the required fees for each statutory violation in accordance with Title 18 U.S.C. § 3013(a).

C.  **Ground three:**  The statute or "offense" of conviction, Title 21 U.S.C. § 841(a) is not listed in the Guideline Applied, U.S.S.G.  § 2D1.1.  Neither is 21 U.S.C. § 846.

**Supporting FACTS:**  The rules of statutory construction requires that statutes be strictly construed applies to federal Sentencing Guidelines.  What is not there may not be added by a Court or a Probation Officer exercising the legislative, or prosecutorial functions under color of authority.  Either the Court[,] the Probation Officer, and the Prosecutor rewrote this Guideline and retroactively applied it to this petitioner to apply their version of USSG § 2D1.1.

D.  **Ground four:**  The crimes as alleged occurred without the federal criminal jurisdiction and/or not within the federal state within the meaning of Article III, § 2, cl. 2 § 3, legal fictions not withstanding.

**Supporting FACTS:**  Article III, § 2. cl. 3, says "The Trial of all Crimes, " . . . . shall be held in the "state where said Crimes shall have been committed; but when not committed within any state, the trial shall be at such Place or Places as the Congress may by Law have directed. . ."  is a plain statement or restrictive covenant that limits the reach of federal jurisdiction and legislative jurisdiction.  E.G.  the removal from Ohio to the Federal Court for the purpose of imposing an enhanced sentence is unlawful and violates the Constitution and laws of the United States.  No evidence or claim was stated upon which relief could be or have been granted.  Counsel should have filed a Rule 12(b) motion but never did.

(Doc. #1) (errors in original)  Petitioner concedes in his Reply brief that Grounds two through four, raised above, are without merit.  (Doc. #13, at p. 6)  Therefore, these issues will be considered as withdrawn and will not be discussed.

Petitioner filed a motion to add an additional ground for relief not stated in the original petition on June 21, 2005.  (Doc. #14)  This Court granted that motion, but allowed Petitioner to include only the claim provided in the Reply Brief on page 6, section V.  (Docs. #17-18)  This claim states:

> The government breached both the written and oral plea agreements in this case, and Mr. Wright was denied his Sixth Amendment right to counsel due to counsel's failure to raise this breach at the district level and on appeal.

(Doc. #13, at 6)

## APPLICABLE LAW

Under 28 U.S.C. § 2255, a federal inmate is provided with a post-conviction means of collaterally attacking his conviction or sentence.  *In re Gregory,* 181 F.3d 713, 714 (6th Cir. 1999).  Motions brought under § 2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that he alleges to be in violation of federal law.  *See United States v. Davis,* 417 U.S. 333(1974); *United States v. Cohen,* 593 F.2d 766, 770 (6th Cir. 1979).

Section 2255 sets forth four grounds upon which federal prisoners may challenge their conviction or sentence:  (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255; *United States v. Hill,* 368 U.S. 424, 426-27 (1962).

Motions to vacate, set aside, or correct a sentence pursuant to § 2255 must be filed in the trial court that sentenced the prisoner.  28 U.S.C. § 2255; *Gregory,* 181 F.3d at 714.  In order to prevail on a § 2255 motion alleging constitutional error, the petitioner must establish that an error of constitutional magnitude existed that had a substantial and injurious effect or influence on the proceedings.  *United States v. McNeil,* 72 F. Supp.2d 801, 803 (N.D. Ohio 1999) (citing *United States v. Watson,* 165 F.3d 486, 488 (6th Cir. 1993)).  In order to prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir. 1990) (citing *United States v. Hill,* 368 U.S. 424, 428 (1968)).

## I. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Although Petitioner entered a guilty plea to the charge and signed a plea agreement, he is nevertheless entitled to raise a claim of ineffective assistance of counsel as a ground for relief in the instant motion as his plea agreement specifically exempts from waiver this issue.  (Crim. Doc. #138, pp. 9-10)  Additionally, the Sixth Circuit has held that ineffective assistance of counsel claims are subject to review in the district court when timely raised in a petitioner's § 2255 motion.  *Hughes v. United States,* 258 F.3d 453, 457 n. 2 (6th Cir. 2001).

However, in order to prevail on this type of claim, Petitioner bears the burden of showing that counsel's performance fell below an objective standard of reasonableness and counsel's ineffectiveness prejudiced his defense so as to deprive him of his right to a fair trial.  *Strickland v. Washington,* 466 U.S. 668 (1984).

In order to warrant reversal of a conviction, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  Court scrutiny of defense counsel review must be "highly deferential."  *Id.* at 689.  Decisions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel.  *Michel v. Louisiana,* 350 U.S. 91, 101 (1955).  Trial counsel's tactical decisions are not completely immune from Sixth Amendment review, but they must be particularly egregious before they will provide a basis for relief.  *Martin v. Rose,* 744 F.2d 1245, 1249 (6th Cir.  1984).

Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment."  *West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland,* 466 U.S. at 691, quoted in *Smith v. Jago,* 888 F.2d 399, 404-05 (6th Cir. 1989)), *cert. denied,* 495 U.S. 961 (1990)).  "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won."  *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir. 1992) (en banc), *cert. denied,* 508 U.S. 975 (1993).

In the case of a guilty plea, a defendant must show the deficient performance of counsel and that a reasonable probability exists that, but for counsel's errors, he would not have entered a guilty plea.  *Hill v. Lockhart,* 47 U.S. 52, 57-59 (1985); *Warner v. United States,* 975 F.2d 1207, 1211 (6th Cir. 1992).

6

A. <u>Failure to meet with, advise, or discuss with Petitioner a direct appeal</u>

Petitioner claims that his counsel was ineffective because he failed to advise him of his appeal rights or meet with him after the imposition of sentence.  Petitioner also appears to be claiming that his counsel was ineffective because he failed to object to the inappropriate sentencing increases applied.  The Court will address each argument below.

In *Ludwig v. United States,* 162 F.3d 456 (6th Cir. 1998), the Sixth Circuit held that "the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment" regardless of whether the appeal would have been successful.  *Id.* at 459.  The *Strickland* prejudice component does not apply in such a situation because prejudice is presumed.  *Id.*  However, the court emphasized "that a defendant's actual 'request' is still a critical element in the Sixth Amendment analysis. The Constitution does not require lawyers to advise their clients of the right to appeal. Rather the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request."  *Id.* (citing *Morales v. United States,* 143 F.3d 94, 97 (2d Cir. 1998); *Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir. 1994)).

Petitioner has not argued nor demonstrated he requested that his attorney file an appeal.  His argument is that his attorney was ineffective for failing to advise him of his rights to an appeal and failing to meet with him regarding his right to file an appeal.  As stated above, this is not proper grounds to grant a § 2255 motion.  It is additionally noted that this Court, in going through the written plea agreement with Petitioner during the sentencing hearing, reiterated the appeal rights that Petitioner was giving up and retaining.  This Court assured that Petitioner understood that by entering into a plea

agreement, he was giving up certain appeal rights, but did retain the right to appeal any sentence imposed.

The Supreme Court stated in *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal  . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  *Id.* at 480.  In making this determination, this Court must take into account all the information known to counsel or that should have been known.  *Id.*  Also relevant to this inquiry is whether the defendant went to trial or entered into a plea agreement, whether he received the bargained for sentence, and whether appeal issues were expressly waived or reserved. *Id.*

The Court notes that counsel's alleged failure to discuss appeal rights with Petitioner did not occur after a trial, but after a plea agreement, which implies Petitioner's desire to end judicial proceedings against him.  *Id.*  Additionally, Petitioner did receive the bargained for sentence, and the minimum allowed under the statute.

The parties agreed in the plea to recommend to the Court that Petitioner's base level would be a 34, which was what it was determined to be.  (Crim. Doc. #138, at 4) The parties also agreed that if Petitioner provided truthful information regarding his involvement in the crime, the government would request that he receive a three-level reduction in his offense level.  (Crim. Doc. #138, at 5)  As discussed below, the government did make such a request at the time of sentencing.  The plea agreement also called for a three-level increase for Petitioner's role in the crime.  (Crim. Doc. #138, at 5) This increase would counter the three-level reduction provided for above, nullifying the

8

effect of both.  Finally, the plea agreement stated that if Petitioner fully cooperated with the government, as he did in this case, the government would seek a sentence beneath the otherwise applicable 120 month mandatory minimum statutory penalty by reducing the total offense level four additional levels.  (Crim. Doc. #138, at 7)  Petitioner did receive this reduction and his offense level was lowered to a 30.  Because Petitioner's criminal history category was determined to be a III, the plea resulted in a range of between 121 and 151 months, of which Petitioner received the minimum.

It is also noted that the agreement, as stated above, did expressly waive certain appeal rights.  This indicates to the Court Petitioner's desire to end the judicial proceedings against him.  Based on the above, it cannot be determined that Petitioner has shown that he would have wanted to appeal or that a rational defendant would want to appeal.

In his Reply brief, Petitioner provided what he believes are valid issues for appellate review:

(1)    Whether the appeal waiver contained in the plea agreement is valid since the plea agreement was not discussed or signed during the Rule 11 hearing.?

(2)    Whether the government breached the plea agreement by failing to recommend a 3-level reduction for acceptance of responsibility as called for in the agreement?

(3)    Whether the government breached the plea agreement by failing to move for a sentence beneath the 10- year mandatory minimum as called for in the agreement?

(4)    Whether the plea agreement prohibits Mr. Wright from appealing the district court's refusal to grant a 3-level reduction for acceptance of responsibility since the waiver was not agreed to before the district court, and if not, whether the district court abused its discretion in refusing to award the 3-level reduction under § 3E1.1.

(5)    Whether the 2-level role increase in Mr. Wright's guideline level violated his 5th and/or 6th Amendment rights?

(Doc. #13, at 4-5) And although these are based on issues not specifically waived in the plea agreement, as discussed both above and below, none of these issues appear to have merit and counsel would likely not believe that they would be valid issues for appeal based on these facts.  Therefore, based on what counsel knew or should have known at the time, this Court cannot find that he was ineffective for discussing a direct appeal with Petitioner.

> B.  Breach of Plea Agreement and Ineffective Assistance of Counsel for Failing to Raise this Issue before this Court and on Appeal.

Petitioner claims that he entered into a written and oral plea agreement with the government well after he had changed his plea to guilty before this Court.  However, Petitioner's change of plea before the Court occurred on September 3, 2003, days after the plea agreement was signed by Petitioner on August 21, 2003.  (Doc. #138, at 15) Additionally, this Court had a plea agreement, the same one filed on the docket, held it up during the hearing and confirmed that it was Petitioner's signature that appeared on the document.  Therefore, Petitioner's allegation is unpersuasive.

This Court went through the written plea agreement with Petitioner before asking for his verbal change of plea to ensure that he was aware of all of the written plea agreement provisions.  Additionally, Petitioner was asked if he understood the terms of the agreement and whether it was his entire agreement with the government in this case. Petitioner answered in the affirmative.  Therefore, Petitioner's argument that the government made additional agreements orally with him is unpersuasive.

Petitioner alleges that the government breached the plea agreement because it did not recommend a 3-level reduction to his offense level for acceptance of responsibility. This allegation is also unpersuasive because during sentencing, the government did make

such a request and this Court granted that downward departure.  Petitioner was taken

from an offense level of 34 to a 30.  It is also noted that during the change of plea

hearing, Petitioner was informed and stated that he understood that sentence

recommendations made by the government were nothing more than recommendations

which could be rejected by this Court if deemed appropriate, allowing for a more severe

sentence that Petitioner anticipated.

   Based on the above, this Court cannot find that the government breached the plea

agreement.  Additionally, Petitioner's counsel cannot be found to be ineffective for

failing to object if there was nothing to object to, as Petitioner received exactly what he

was promised in the written agreement.

   In order to prevail under a § 2255 motion, Petitioner must "demonstrate the

existence of an error of constitutional magnitude which had a substantial and injurious

effect or influence" on his guilty plea.  *Schledwitz v. United States,* 169 F.3d 1003, 1001

(6th Cir. 1999).  He has failed to do so.  Additionally, Petitioner has failed to show that

there is a reasonable probability that but for his counsel's errors, he would not have

entered a guilty plea.  Therefore, this Court finds Petitioner's § 2255 motion not well-

taken and therefore DENIED.

   So ordered.


Date: August 2, 2006

            ____*s/ Judge John R. Adams*_____
            JUDGE JOHN R. ADAMS
            UNITED STATES DISTRICT COURT