ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE WRIGHT, | ) | |
| | ) | CASE NO. 1:04CV2308 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court on a Motion to Amend or Alter Judgment, filed by the Petitioner Bruce Wright ("Petitioner") pursuant to Fed. R. Civ. P. 59(e). The Court has reviewed the motion and applicable law. For the reasons stated below, the Court DENIES Petitioner's motion.

To succeed on his Motion to Amend or Alter Judgment, a petitioner must establish a clear error of law, an intervening change of law, or newly discovered evidence. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted). As the Sixth Circuit has made clear, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Id.* (citation omitted).

Here, Petitioner argues that this Court committed manifest errors of fact and law when it denied his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255. Specifically, Petitioner contends that the Court erred by (1) failing to find that he had asked his attorney to file a notice of appeal, and (2) rejecting his claim that his attorney's ineffective assistance prevented him from filing the required notice. The Court disagrees with Petitioner's contentions and finds that he has not satisfied the requirements of Fed. R. Civ. P. 59(e).

First, the Court disagrees with Petitioner's assertion that he asked his attorney to file a timely notice of appeal and that his attorney's failure to do so amounted to *per se* ineffective

assistance of counsel. Petitioner contends that he raised this argument in his § 2255 petition by incorporating by reference the factual allegations he made in his Motion for Order Allowing Belated Notice of Appeal filed before this Court. Petitioner points to paragraph five of his motion for order, which states:

> Counsel had an obligation as a matter of law to advise the defendant of his right to appeal from the judgment and sentence of this court and further had an obligation to file a notice of appeal if requested by the defendant, and was requested by this Defendant.[1]

Paragraph seven of the motion for order, however, completely contradicts Petitioner's contention that he asked his attorney to file a timely notice of appeal: "If properly advised the defendant would have requested an appeal be taken." Thus, the Court finds that Petitioner has not met his burden under Fed. R. Civ. P. 59(e) and that his first argument is not well taken.

The Court likewise rejects Petitioner's argument that the Court erred in denying his claim of ineffective assistance of counsel. Petitioner asserts that controlling precedent requires this Court to find that his counsel's failure to inform him of his right to appeal amounted to ineffective assistance. In support of his argument, Petitioner cites to *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). As *Flores-Ortega* makes abundantly clear, however, counsel's failure to discuss with a defendant his or her rights to appeal does not result in ineffective assistance in every case. *Id* at 479. Instead, counsel must consult with the defendant about an appeal only "when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. In answering these two questions, this Court may consider "whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an

---

[1] *Pet.'s Motion for Order Allowing Belated Notice of Appeal to Be Filed in This Cause of Action*, 1:03CR0173, ECF Doc. # 308 (Aug. 20, 2004).

2

end to judicial proceedings." *Id.*

As noted by this Court in denying Petitioner's § 2255 motion, Petitioner entered a guilty plea to the charges against him after being told that doing so would waive most appealable issues. Thus, Petitioner's guilty plea could have indicated to counsel that he no longer wished to pursue judicial proceedings -- especially in light of the fact that Petitioner did not ask counsel to file a notice of appeal until the deadline for doing so had expired. While Petitioner correctly states that he was under no duty to establish that he had any meritorious issues for appeal, counsel was not obligated to consult with him regarding a possible appeal -- based both on Petitioner's guilty plea and his failure to ask counsel to seek appellate review. *See id.* As a result, this Court finds that Plaintiff has failed to establish a manifest error of law as required by Fed. R. Civ. P. 59(e).

For the reasons set forth herein, this Court DENIES Petitioner's Motion to Alter or Amend Judgment.

IT IS SO ORDERED.

 October 13, 2006                             */s/ John R. Adams*
Date                                          John R. Adams
                                              District Judge